OLIVER P. TAYLOR *vs.* CARL MERTENS.

Third Judicial District, Bridgeport, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

In an action in the nature of trespass *qu. cl. fr.*, each of the parties claimed title by deed and also by adverse possession, and evidence was received pro and con upon each of these claims; but the trial court charged the jury that neither party had proved any paper title or title by deed, and upon suitable instructions left the question of adverse possession to the jury as one of fact decisive of the case, and also submitted certain interrogatories to be answered by them when returning their verdict, which was rendered for the plaintiff. In answer to these questions the jury found that at the date of the alleged trespass the plaintiff had acquired a title by adverse possession, and was then in the actual and exclusive possession of the land in dispute. *Held:*—

1. That under these circumstances alleged errors of the trial court in admitting evidence in support of the plaintiff's title by deed, and in refusing to charge as requested by the defendant in respect to such title, could not have harmed the defendant; nor could he have been harmed by an instruction that his own claim of paper title was defective, since the deed upon which that claim was based was made by a grantor ousted of possession and was therefore void.

2. That the facts thus found were sufficient to enable the plaintiff to maintain the action, and therefore it was immaterial whether or not the trial court had fully instructed the jury as to what it was necessary for the plaintiff to prove.

3. That the trial court was fully justified in requiring the jury to answer the interrogatories submitted.

The jury were told that a verdict for the plaintiff should confine the damages to the cost of the foundation walls and of the sills resting thereon, which the defendant was alleged to have torn down and destroyed, as that sum would presumably measure the expense of replacing them. *Held* that this instruction did not appear to be incorrect, nor unfavorable to the defendant.

Argued November 5th—decided December 17th, 1909.

ACTION in the nature of trespass *qu. cl. fr.*, brought to the Court of Common Pleas in Fairfield County and tried to the jury before *Scott, J.;* verdict and judgment for the plaintiff for $75 damages, and appeal by the defendant. *No error.*

*John C. Chamberlain* and *Aaron T. Bates,* for the appellant (defendant).

*Howard W. Taylor,* for the appellee (plaintiff).

HALL, J. The complaint alleges that on December 1st, 1908, the plaintiff was the owner and possessor of a described tract of land upon which he was building a house, and had laid the stone foundations therefor, and placed the sills thereon, when the defendant, on said day, unlawfully entered upon the land and threw down said sills and destroyed said foundations. The answer denied these allegations, and a second defense alleged title in the defendant, which was denied by the reply.

Each party claimed both a paper title and a title by adverse possession.

It was undisputed that no one but the plaintiff was in the exclusive possession of the land on December 1st, 1908, and that on that day the defendant entered upon the land and tore down the stone foundations which the plaintiff had built.

Upon the trial the court charged the jury that both the plaintiff and the defendant had failed to prove a paper title to the land in dispute, namely, a title by deed, distribution or heirship, and that neither party had proved any title unless by adverse possession, and submitted to the jury, as a question of fact decisive of the case, whether the plaintiff or the defendant had proved a title by adverse possession.

In submitting the case to the jury the court directed them in returning their verdict to answer certain interrogatories prepared by the court. These interrogatories, with the answers to them, returned with a verdict for the plaintiff for $75, were as follows: "Q. 1. Do the jury find that on December 1st, 1908, the plaintiff had the title to the place in dispute? Ans. Yes, by adverse possession. Q. 2. Do the jury find that on December 1st, 1908, the plaintiff was in the actual exclusive possession of the place in dispute? Ans. Yes. Q. 3. Do the jury find that on December 1st, 1908, the defendant had the title to the place in dispute? Ans. No. Q. 4. Do the jury find that on December 1st, 1908, any person other than the plaintiff was in the exclusive possession of the place in dispute? Ans. No."

One of the numerous reasons of appeal is that the court erred in requiring the jury to answer these interrogatories. The action of the trial court in so doing is fully sustained by the recent decision of this court in *Freedman* v. *New York, N. H. & H. R. Co.*, 81 Conn. 601, 71 Atl. 901.

Other reasons of appeal relate to a ruling upon a question of evidence; to refusals of the court to charge as requested; to portions of the charge as given; and to the denial of the defendant's motion to set aside the verdict as against the evidence. From an examination of the questions thus sought to be raised it becomes quite apparent that the charge of the trial court, that neither party had proved a paper title, and that the case must turn upon the question of title by adverse possession, and the answers returned by

the jury to the interrogatories submitted to them, render a discussion of most of the reasons of appeal entirely unnecessary.

First, the evidence, the admission of which is complained of, was evidence offered in proof of the plaintiff's title by deed. But the defendant could not have been harmed by its admission, for the reason that the court very clearly told the jury that as a matter of law the plaintiff had failed to prove such a title. And the jury found by their answer to the first interrogatory that the plaintiff's title was by adverse possession.

For the same reasons, other claimed errors in refusing to charge as requested by the defendant upon the question of the plaintiff's paper or record title were equally harmless to the defendant.

And, again, the defendant could not have been harmed by the ruling and charge of the court that the defendant's claimed paper title was defective. As we have said, the jury found by the answer to the first interrogatory that the plaintiff had acquired title by adverse possession. The plaintiff claimed title by adverse possession, by reason of the adverse occupation of the land by his father from 1878, under a deed from the town of Fairfield, which deed the court held failed to prove title, since it was not shown that the town had any title, and by reason of a distribution to himself in 1907 of his father's estate, and by quitclaim from the other distributees. The defendant claimed title by deed, under a conveyance to himself in March, 1901, from one Dikeman, who claimed by distribution of the estate of his mother, who died in 1900, and who, it was claimed, took title as the daughter and heir of one Barnum. The court held that the deed to the defendant, in 1901, did not constitute sufficient proof of title in the defendant, because, among other reasons, there was no proof that the land in dispute was ever distributed to the mother of the defendant's grantor. But if the trial court had held that the

Taylor *v*. Mertens.

mother of the defendant's grantor acquired all the title her father had in the land in dispute, that would not have helped the defendant's case, since the jury by their answer have found that the plaintiff and his grantors have held adversely for a period of fifteen years. Whether the deed to the defendant of 1901 was given after the plaintiff's grantor had acquired a title by adverse possession, or before that time, when the defendant's grantor was ousted of possession, the defendant took nothing by his deed. General Statutes, § 4042.

It is also immaterial whether or not the court properly instructed the jury as to what facts regarding his own and the defendant's possession and title at the time of the alleged trespass it was necessary for the plaintiff to prove in order to maintain this action, since the jury in finding that the plaintiff on December 1st, 1908, had a title by adverse possession, and was then in the actual and exclusive possession of the land in dispute, found sufficient facts to enable the plaintiff to maintain the action.

The charge to the jury that a verdict for the plaintiff should be only for the cost of the foundation and the sills thrown down, as presumably that would be the measure of the expense of replacing them, does not appear to have been incorrect, and appears to have been favorable to the defendant. The court afterward called attention to the defendant's claim that the damages were slight, and left the question of their amount to the jury upon all the evidence.

As the court in its charge limited the damages recoverable to the cost of replacing the foundation walls and sills, the ruling upon the defendant's demurrer to paragraph five of the complaint becomes unimportant.

There is no occasion for discussing the two hundred pages of evidence before us. The court properly instructed the jury upon the question of acquiring title by adverse possession, and left the question of fact to the jury. We concur with the conclusion of the trial judge that a new trial ought

not to be granted upon the ground that the verdict was against the evidence.

There is no error.

In this opinion the other judges concurred.